UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MING ZHOU, XUE RUI, and ZHI ZHENG<br><br>Plaintiffs,<br><br>vs.<br><br>SIZUNG, INC., DANIEL MARMAR, ADAM LOBEL and SVERRE WENDELBO, in their professional and individual capacities.<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

Plaintiffs Ming Zhou, Xue Rui, and Zhi Zheng (collectively "Plaintiffs"), bring this action for breach of contract and violations of federal and state labor laws.

Plaintiffs Ming Zhou, Xue Rui, and Zhi Zheng, by and through their attorneys, the Law Office of Christopher Q. Davis, alleges upon personal knowledge and upon information and belief to all other matters as follows:

## NATURE OF ACTION

1. This action is against Defendants Sizung, Inc. (the "Company"), Daniel Marmar, Adam Lobel and Sverre Wendelbo (together, "Defendants"), arising out of Defendants' breach of contract, Defendants' willful refusal to pay Plaintiffs their earned wages for work performed while employed by Defendants, and failure to provide accurate wage statements.

2. In violation of federal and state labor laws, Defendants denied Plaintiffs minimum wage compensation by failing to pay Plaintiffs for work performed during their employment with Defendants. Defendants also failed to provide Plaintiffs with wage statements and wage notices in violation of New York Labor Law ("NYLL") §195(1) and (3).

1

3. Plaintiffs now bring this action to recover unpaid minimum wages, unpaid overtime premiums, liquidated damages, interest, attorneys' fees, and costs pursuant to either or both the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law §§ 190 *et seq.* ("NYLL").

4. Plaintiffs also bring common law quasi-contract claims, including breach of implied contract, unjust enrichment, and quantum meruit arising out of Defendants' willful refusal to compensate Plaintiffs for work performed while employed by Defendants.

## PARTIES

5. Plaintiff Ming Zhou ("Mr. Zhou") is a former employee of Defendants who presently and at all relevant times resided in the State of New York. Mr. Zhoug began his employment as a paid intern with Defendants on or around June 2017. He transitioned to a full-time employment status on or around February 12, 2018 and was employed by Defendants full-time until on or around October of 2018.

6. Plaintiff Xue Rui ("Ms. Rui") is a former employee of Defendants who, during her employment, resided in New York, in the county of New York and in the State of New York. She currently resides in China. Ms. Rui began her employment on or around February 5, 2018 and was employed by Defendants full-time until on or around October of 2018.

7. Plaintiff Zhi Zheng ("Mr. Zheng") is a former employee of Defendants who presently, and at all relevant times, resided in New York, in the County of New York, in the State of New York. Mr. Zheng began his employment with Defendants on or around March 29, 2018 and was employed by Defendants full-time until January of 2019.

8. Defendant Sizung, Inc. is and has been at all relevant times a business entity duly incorporated under the laws of the state of Delaware.

9. Defendant Sizung, Inc. currently maintains their headquarters at 193 Lexon Avenue #1, New York, NY 10026.

10. Defendant Sizung, Inc. is a Computer Software Development and Applications company.

11. Defendant Daniel Marmar is the Founder and Chief Executive Officer of Sizung, Inc. At all relevant times, he was an "employer," as that term is defined in the labor law. Defendant Marmar was responsible for hiring and firing employees, supervising employees, dictating work schedules, amongst other supervisory duties. To Plaintiffs'' knowledge, at all relevant times, Defendant Marmar maintained a residence in New Jersey while transacting business in New York, New York.

12. Defendant Adam Lobel is the Chief Financial Officer of Sizung, Inc. As the Chief Financial Officer, at all relevant times, he was responsible for compensating employees and maintaining employment records. At all relevant times, he was an "employer" as that term is defined in NY Labor Law. To Plaintiffs' knowledge, at all relevant times, Defendant Lobel maintained a residence in New York, New York.

13. Defendant Sverre Wendelbo is the Chief Financial Officer of Sizung, Inc. As the Chief Technological Officer, Defendant Wendelbo was responsible for the oversight of Plaintiffs' work and the Company's operations more generally, including compensation of employees. At all relevant times, he was an "employer" as that term is defined in the labor law. To Plaintiffs' knowledge, at all relevant times, Defendant Wendelbo maintained a residence in New York, New York.

**JURISDICTION AND VENUE**

14. This Court has subject matter jurisdiction over Plaintiffs' federal law claims

pursuant to 28 U.S.C. §§ 1331 because these claims seek redress for violations of Plaintiffs' federal statutory rights under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

15. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because these claims are so closely related to Plaintiffs' federal law wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs' claims occurred in this Judicial District.

## **FACTUAL ALLEGATIONS**

17. Plaintiff repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

**Plaintiffs' Offer and Acceptance of Employment**

18. Between June 2017 and December 2017, Mr. Zhou was employment with the Company as a paid intern and was compensated $3,000 per month.

19. Subsequently, on or about December 26, 2017, Defendant Marmar, signing on behalf of the Company, signed an employment contract, signed a contract with Mr. Zhou the terms of which included an annual base salary of $100,000 for Mr. Zhou. Defendants' hired Mr. Zhou as a Software Engineer. He began working full-time for Defendants on February 12, 2018 and performed dutifully in the role until his separation from the Company.

20. On or about December 26, 2017, Defendant Marmar, signing on behalf of the Company, signed an employment agreement with Ms. Rui the terms of which included an annual base salary of $95,000 for Ms. Rui. Defendants' hired Ms. Rui as a Data Scientist. She began

working full-time for Defendants on about February 5, 2018 and performed dutifully in the role until her separation from the Company.

21. On or around March 28, 2019, Mr. Zheng signed an employment contract with Defendant Marmar, signing on behalf of the Company, entitling him to a base salary of $95,000 in consideration for his employment services as a Software Engineer. He began working full-time for Defendants on about March 29, 2018 and performed dutifully in the role until his separation from the Company.

**Defendants Breached Contract and Failed to Pay Plaintiffs their Earned Wages**

22. Contrary to the terms in their respective Employment Agreements, in February and March 2018, Plaintiffs received partial, or no, compensation for their employment with Defendant Sizung, Inc.

23. On or about December 11, 2018 Mr. Zhou contacted Defendant Marmar, regarding his unpaid wages. Defendant Marmar acknowledged the debt and explained that the Company did not have the revenue to pay Plaintiffs. Mr. Zhou was offered stock options in place of his salary but no formal amendment to Mr. Zhou's contract was proposed. Regardless, Mr. Zhou declined the offer and again requested to be paid the past due amount immediately.

24. Plaintiff Zhou did not receive any compensation for approximately 31 weeks of work performed between March and October of 2018 in violation of his employment agreement with the company.

25. Plaintiff Rui did not receive any compensation for approximately 30 weeks of work performed between February and October 2018 in violation of her employment agreement with the company.

26. Plaintiff Zheng did not receive any compensation for approximately 44 weeks for work performed between March 29, 2018 to January 13, 2019 in violation of his employment agreement.

27. Between April 2018 and January 2019, Plaintiffs contacted Defendants repeatedly and requested their backpay. Each time they made said requests, Defendants acknowledged the debt and guaranteed that they would be paid in full when the company secured investors.

28. Throughout their entire employment with Defendant Sizung, Inc., Plaintiffs satisfactorily performed their duties under the terms of their respective offer letters.

29. To date, Plaintiffs have not received the backpay owed to them nor have they received wage statements as required by Federal and New York Law.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(As to all Defendants)**
**(Breach of Written Employment Agreement)**

30. Plaintiffs hereby repeat and re-allege each and every one of the above-referenced allegations as if fully set forth herein.

31. Plaintiffs entered into an employment agreement with Defendants through which Defendants were obligated to pay Mr. Zhou a salary of $100,000 annually, Ms. Rui a salary of $95,000 annually and Mr. Zheng a salary of $95,000 annually.

32. At all times during their employment with Defendants, the Plaintiffs complied with their employment agreement – specifically they not only remained employed by Defendants but performed their duties to the satisfaction of their supervisors and according to the terms of their agreements.

33. Defendants breached their employment agreements with Plaintiffs by failing to pay the promised full salary amounts stated therein.

34. Even though Plaintiffs demanded full payment for the services they rendered to Defendants, and Defendants acknowledged the debt, Defendants failed and refused to fully pay for Plaintiffs' services given to Defendants.

35. As a direct and proximate result of Defendants breach of the Employment Agreement, Plaintiff Ming Zhou was damaged approximately $59,615, Plaintiff Xue Rui was damaged in the amount of approximately $54,808, and Plaintiff Zhi Zheng was damaged, approximately, in the amount of $80,385.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(As to all Defendants)**
**(Failure to Pay the Minimum Wage in Violation of 29 U.S.C. §206)**

36. Plaintiffs hereby repeat and re-allege each and every one of the above-referenced allegations as if fully set forth herein.

37. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

38. Plaintiffs are not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

39. During the relevant period as alleged above, Defendants did not pay Plaintiffs the prevailing minimum wage for all hours worked for Defendants; specifically, Plaintiffs were not paid any wages at all, with the exception of one paycheck, covering a two-week period, and a $2,000 direct deposit check, for the work they performed.

40. As a result of Defendants failure to pay Plaintiffs the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

41. The foregoing conduct of Defendants constitutes a willful violation of the FLSA.

42. Defendants violation of the FLSA significantly damages Plaintiffs and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages and attorneys' fees and costs.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(As to all Defendants)**
**(Failure to Pay Minimum Wage in Violation of the NYLL § 650 *et seq*.)**

43. Plaintiffs hereby repeat and re-allege each and every one of the above-referenced allegations as if fully set forth herein.

44. The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.

45. Plaintiffs were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

46. During the relevant period as alleged above, Defendants did not pay Plaintiffs the prevailing minimum wage for all hours worked for Defendants; specifically, with the exception of one paycheck, covering a two-week period, and a $2,000 direct deposit check, for the work they performed.

47. As a result of Defendants' failure to pay Plaintiff the prevailing minimum wage for all hours worked, Defendants violated the NYLL.

48. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

49. Defendants violations of the NYLL have significantly damaged Plaintiffs and entitles them to recover the total amount of their unpaid minimum wage, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## AS AND FOR A FORTH CAUSE OF ACTION
**(As to the Corporate Defendants only)**
**(Failure to Furnish Accurate Wage Notices in Violation of NYLL §195(1))**

50. Plaintiffs hereby repeat and re-allege each and every one of the above-referenced allegations as if fully set forth herein.

51. Plaintiffs were "employees," and Defendants are "employers" pursuant to Section 190 of the New York Labor Law.

52. The record keeping provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

53. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL § 195(1), containing Plaintiffs' rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rates or rates of pay and overtime rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, an a mailing address if different; the telephone number of the employer; plus such other information as the commission has deemed material and necessary.

54. Due to Defendants' violation of NYLL § 195(1) – failing to provide the required wage notice within 10 days of Plaintiff's hire date as required by the Wage Theft Prevention Act – Plaintiff is entitled to recover $50 per *day* for this violation, up to $5,000.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(As to the Corporate Defendants only)**
**(Failure to Furnish Accurate Wage Statements in Violation of NYLL §195(3))**

55. Plaintiffs hereby repeat and re-allege each and every one of the above-referenced allegations as if fully set forth herein.

56. Defendants also did not provide Plaintiffs with a legally sufficient wage statement upon the payment of wages, as required by NYLL § 195(3).

57. NYLL §195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria required under the NYLL.

58. Due to Defendants' violation of NYLL § 195(3) – failing to provide paystubs that comply with the Wage Theft Prevention Act – Plaintiffs are entitled to recover $250 per violation, up to a total of $5,000.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(As to all Defendants)**
**Failure to Pay Earned Wages in Violation of New York Labor Law §190-198**

59. Plaintiffs hereby repeat and re-allege each and every one of the above-referenced allegations as if fully set forth herein.

60. Defendants failed to pay Plaintiffs the fully agreed upon earned wages specified in their respective Employment Agreement, which are "wages," as defined in Section 190 of the New York Labor Law, for work they performed as employees of Defendants.

61. Defendants' failure to pay Plaintiffs fully agreed upon earned wages specified in the Employment Agreement, are deductions from Plaintiffs' wages in violation of Section 193 of the New York Labor Law.

62. Plaintiffs are entitled to their unpaid wages and an additional one hundred percent (100%) of the unpaid wages, pursuant to Section 198(1-a) of the New York Labor Law.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(As to all Defendants)**
**Unjust Enrichment**

63. Plaintiffs hereby repeat and re-allege each and every one of the above-referenced allegations as if fully set forth herein.

64. Defendants were enriched by the faithful services Plaintiffs provided to them for several months.

65. Defendants were enriched at Plaintiffs' expense, because the provided unpaid services to the Defendants without any compensation.

66. It would be against equity and good conscience to permit Defendants to retain all the benefits of Plaintiffs' services without providing them reasonable compensation, including full payment of their earned wages specified in their employment agreements.

**AS AND FOR AN EIGTH CAUSE OF ACTION**
**(As to all Defendants)**
**Quantum Meruit**

67. Plaintiffs hereby repeat and re-allege each and every one of the above-referenced allegations as if fully set forth herein.

68. Plaintiffs fully performed their services in good faith to Defendants.

69. Defendants accepted the services rendered by Plaintiffs.

70. Plaintiffs worked for Defendants, even during the period of time that their salaries were reduced and then unpaid, in the expectation that their salary underpayments would be cured.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request:

(i) An award to Plaintiffs for their actual damages in an amount to be determined at trial;

(ii) An award to Plaintiffs of compensatory damages (expectation and consequential) in an amount to be determined at trial;

(iii) An award of punitive damages to deter future conduct by Defendants, in an amount to be determined at trial;

(iv) All available equitable remedies, including, but not limited to, specific performance;

(v) An award to Plaintiffs of the costs of this action, including reasonable attorneys' fees to the fullest extent permitted by law; and

(vi) Such other and further relief as deemed necessary and proper

Dated: November 12, 2019
New York, New York

Respectfully submitted,

_____
Christopher Q. Davis, Esq.
Rachel M. Haskell, Esq.
The Law Office of Christopher Q. Davis
80 Broad Street, Suite 703
New York, NY 10004
646-430-7930 (main)
646-349-2504 (fax)